IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA BURKE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON COMMUNICATIONS )<br>COMPANY, VERIZON ENHANCED )<br>INCOME SECURITY PLAN, and LOUIS F. )<br>LEO, )<br>)<br>Defendants. ) | Case No.  02-CV-2963<br><br>Judge Clarence Newcomer |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Verizon Pennsylvania Inc. (hereinafter "Verizon"; incorrectly identified by Plaintiff as Verizon Communications Company), Verizon Income Security Plan for Mid-Atlantic Associates (hereinafter "Verizon Income Security Plan"; incorrectly identified by Plaintiff as Verizon Enhanced Income Security Plan), and Louis F. Leo (hereinafter "Leo"; collectively "Defendants"), file the within Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff, Donna Burke (hereinafter "Plaintiff").

1. The allegations contained in Paragraph 1 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, said allegations are denied by all Defendants.

2. Defendant Verizon admits that its records reflect that Plaintiff resides at 785 Farnum Road, Media, Pennsylvania, 19063.  Defendants Verizon Income Security Plan and Leo are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2; therefore, Defendants Verizon Income Security Plan and Leo deny those allegations.

3. Defendant Verizon admits that it is a corporation that conducts business at 125 Circular Avenue, Paoli, Pennsylvania, 19301; it denies the remaining allegations contained in Paragraph 3. Defendants Verizon Income Security Plan and Leo are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 3; therefore, Defendants Verizon Income Security Plan and Leo deny those allegations.

4. The allegations contained in Paragraph 4 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, said allegations are denied by all Defendants.

5. Defendant Leo admits, and Defendant Verizon admits that its records reflect, that Leo currently is employed as Director, Workforce Planning and Analysis, by Verizon Corporate Services Corporation. Defendants Leo and Verizon deny the remaining allegations contained in Paragraph 5. Defendant Verizon Income Security Plan is without sufficient information to form a belief as to the capacity in which Leo is employed; therefore, Defendant Verizon Income Security Plan denies the allegation that Leo is "employed as the Human Resources Director at Verizon Communications Company." The allegation that Mr. Leo acted "as the administrator of the Verizon EISP" states a conclusion of law to which no response is required; to the extent that any response is deemed to be required, said allegation is denied by all Defendants.

6. Defendant Verizon admits that its records reflect that Plaintiff was employed in the job title of frame attendant during November 2001 and remains employed as a frame attendant. Defendant further admits that its records reflect that Plaintiff commenced employment with Verizon or a predecessor company on or about December 23, 1971. The remaining allegations are denied by Defendant Verizon. Defendants Verizon Income Security

Plan and Leo are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6; therefore, Defendants Verizon Income Security Plan and Leo deny those allegations.

7. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, on or about November 19, 2001, Defendant Verizon tendered letters to certain Verizon employees, <u>not</u> including Plaintiff, offering employees the opportunity to elect to leave the service of the Company at that time and receive certain benefits under the Verizon Income Security Plan. All Defendants specifically deny that Plaintiff was eligible, on or about November 19, 2001, to elect to leave the service of the Company and receive certain benefits under the Verizon Income Security Plan at that time.

8. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, even though Plaintiff was not among those employees who were eligible in November 2001 to elect to leave the service of the Company and receive certain benefits under the Verizon Income Security Plan, Plaintiff nonetheless submitted an application to leave the service of the Company and receive certain benefits under the Verizon Income Security Plan. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, Verizon acknowledged receiving Plaintiff's application on or about November 27, 2001.

9. All Defendants deny the allegations as stated in Paragraph 9 of the Complaint.

10. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, Plaintiff was not eligible in November 2001 to elect to leave the service of the Company and receive certain benefits under the Verizon Income

Security Plan, and Plaintiff was so advised. Defendant Leo further admits, and Defendants Verizon and Verizon Income Security Plan further admit that their records reflect that, because Plaintiff was not eligible to participate, her application was rejected.

11. All Defendants are without sufficient information to form a belief as the truth of the allegations contained in Paragraph 11 of the Complaint; therefore, those allegations are denied by all Defendants.

12. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, in a letter dated March 8, 2002, counsel for Plaintiff wrote to one of Plaintiff's supervisors and requested "a written explanation for Verizon's actions in administering this EISP." All Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, on or about March 15, 2002, counsel for Verizon responded in writing to counsel for Plaintiff and stated that (i) any letter that Plaintiff purportedly received offering her the opportunity to elect to leave the service of the Company in November 2001 and receive certain benefits under the Verizon Income Security Plan was sent to her in error; and (ii) Plaintiff was not eligible to participate in the Company's offer for certain employees to elect to leave the service of the Company and receive certain benefits under the Verizon Income Security Plan. All Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, on or about March 19, 2002, counsel for Plaintiff responded in writing to counsel for Defendant Verizon that Plaintiff was "entitled to a

complete explanation of the reasons that she was denied this benefit." All Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant Leo admits, and Defendants Verizon and Verizon Income Security Plan admit that their records reflect that, on or about March 29, 2002, counsel for Verizon responded in writing to counsel for Plaintiff that an explanation provided in an earlier letter dated March 15, 2002 was accurate. All Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     All Defendants are without sufficient information to form a belief as to which eligibility requirements "are known" to Plaintiff; therefore, those allegations are denied. All Defendants specifically deny that Plaintiff "met all the eligibility requirements" to participate in the Company's offer for employees to elect to leave the service of the Company in November 2001 and receive certain benefits under the Verizon Income Security Plan.

## **COUNT I - DEMAND FOR BENEFITS**

17.     All Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 16.

18-21.  The allegations contained in Paragraphs 18 through 21 state conclusions of law to which no response is required; to the extent that any response is deemed to be required, said allegations are denied by all Defendants.

Plaintiff's demand for relief in the "WHEREFORE" paragraph following Count I contains conclusions of law to which no response is required, and to the extent that a responsive pleading is required, all Defendants deny the allegations contained therein or that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, all Defendants request that the Court enter judgment against

Plaintiff at Count I, dismiss Plaintiff's claims with prejudice, and award costs and attorneys fees to all Defendants pursuant to 29 U.S.C. § 1132(g).

### COUNT II - DEMAND FOR INFORMATION AND SANCTIONS

22. All Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 21.

23-26. The allegations contained in Paragraphs 23 through 26 state conclusions of law to which no response is required by Defendants; to the extent that any response is deemed to be required, said allegations are denied by all Defendants.

Plaintiff's demand for relief and Subparagraphs a-e of Plaintiff's "WHEREFORE" paragraph following Count II contain conclusions of law to which no response is required, and to the extent that a responsive pleading is required, all Defendants deny the allegations contained in Plaintiff's demand for relief and Subparagraphs a-e of Plaintiff's "WHEREFORE" paragraph following Count II, or that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, all Defendants request that the Court enter judgment against Plaintiff at Count II, dismiss Plaintiff's claims with prejudice, and award attorneys fees and costs to all Defendants pursuant to 29 U.S.C. § 1132(g).

By way of further response to Counts I and II, to the extent that any allegations have not been admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants had legitimate business reasons for any actions they took relating to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for benefits at Count I is barred by her failure to first avail herself of administrative remedies available to her under the Verizon Income Security Plan, including without limitation the Benefit Claim and Appeal Procedures set forth therein.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff are barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred in whole, or in part, by Plaintiff's failure to mitigate her damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for benefits at Count I is moot, in whole or in part.

### NINTH AFFIRMATIVE DEFENSE

As a matter of law, Plaintiff is not entitled to the benefits she demands at Count I under the terms of the Verizon Income Security Plan.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim at Count II is barred by her failure to tender a claim to the Verizon Income Security Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim at Count II fails as a matter of law since she never requested information from the administrator of the Verizon Income Security Plan.

### TWELFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff is not a "participant" as is defined by ERISA.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any relief requested in the Complaint. Accordingly, Defendants respectfully request that the Court enter judgment for Defendants, dismiss Plaintiff's claim with prejudice and award attorneys fees and costs to all Defendants pursuant to 29 U.S.C. § 1132(g).

Dated:  September 23, 2002 /s/ James S. Urban
James S. Urban
Pa. Bar No. 82019
John E. Iole, *Associate Counsel*
Pa. Bar No. 47768
JONES, DAY, REAVIS & POGUE
500 Grant Street, Suite 3100
Pittsburgh, PA  15219
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing Answer and Affirmative Defenses was served via United States Mail, first class postage, upon Thomas Martin, Esq., counsel for Plaintiff at the below-listed address on this 23rd day of September, 2002.

/s/ James S. Urban

Thomas Martin, Esq.
1845 Walnut Street, 25th Floor
Philadelphia, PA  19103